**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| CRYSTAL DERBIN,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and ALLY FINANCIAL, INC.,<br><br>Defendants, | Civil Action No:_____<br><br><br>**COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JU DGE:**

NOW COMES, Plaintiff CRYSTAL DERBIN ("Plaintiff") by and through her attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and Defendant ALLY FINANCIAL, INC. ("Ally"), collectively referred to as "Defendants", and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1.      This is an action for actual damages, statutory damages, punitive damages, and costs and attorneys' fees pursuant to 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334, 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate Court of competent jurisdiction.

3.      Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28

U.S.C. § 1391b(3) because one or more of the Defendants resides in this district.

4.      Joinder in this district is proper as to all Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

## PARTIES AND SERVICE

### Plaintiff Crystal Derbin

5.      Plaintiff is a resident of Nacogdoches County, Texas, which is located in this district.

6.      At all times material hereto, Plaintiff is a "Consumer," as defined by 15 U.S.C. § 1681a(c).

### Defendant Experian Information Solutions, Inc.

7.      Defendant Experian is a "Consumer Reporting Agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian has its corporate headquarters located in Allen, Texas at 701 Experian Parkway, Allen, Texas, 75013. Experian may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

8.      At all times material hereto, Experian is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

9.      At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Ally Financial, Inc.**

10.    Defendant Ally is a "Person" as defined by 15 U.S.C. § 1681a(b) and conducts substantial and regular business activities in this judicial district. Ally is a Michigan company registered to do business in the State of Texas with offices in Denton County, Texas, and may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

11.    At all times material hereto, Defendant Ally is a person who routinely furnishes information concerning Consumers and their debts to Consumer Reporting Agencies for the purpose of publishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(d).

## FACTUAL ALLEGATIONS

**Background**

12.    On April 14, 2021, Plaintiff opened an automobile installment (the "Loan") with Defendant Ally to purchase a vehicle (the "Old Car").

13.    Shortly after, Defendant Ally began furnishing the Loan as an account on Plaintiff's consumer report published by Defendant Experian (the "Account").

14.    On August 15, 2023, Plaintiff traded in the Old Car for a new vehicle (the "New Car") at Peterson Auto Group dealership (the "Dealership").

15.    On August 15, 2023, the Dealership and Plaintiff mutually signed the Bill of Sale confirming that the Old Car was sold to the Dealership and that Plaintiff would purchase the New Car with the Old Car's trade in value. See **Exhibit "A"**, a true and correct copy of the Bill of Sale.

16.    On September 18, 2023, the Dealership mailed a cashier's check to Defendant Ally to pay off the remaining value of the Loan used to purchase the Old Car.

17.    On September 19, 2023, the cashier's check mailed to Defendant Ally by the Dealership was received and signed at delivery by a representative of Defendant Ally. See **Exhibit "B"**, a true and correct copy of the tracking information for the mailed cashier's check.

18.    On and after September 19, 2023, the payment status of the Account should have been "paid and closed". However, Defendant Ally furnished to Defendant Experian that the Loan's installment due in August 2023 was "30 days late", the installment due in September 2023 was "60 days late", and that the installment due in November 2023 was "60 days late".

19.    As a result, Defendant Ally continues to furnish false and derogatory information relating to the Loan's payment history on consumer reports disseminated to Plaintiff's creditors.

20.    As a result, Defendant Experian continues to publish false and derogatory information relating to the Loan's payment history on consumer reports they disseminate to Plaintiff's creditors.

**Defendant Ally's violation of 1681s-2(b):**

21.    In April 2021, Defendant Ally began furnishing the Loan as an Account on Plaintiff's Experian consumer reports.

22.    In August 2023, Plaintiff sold the Old Car purchased with the Loan and traded it in for a New Car.

23.    On September 18, 2023, the Dealership sent the payoff amount for the Old Car to Defendant Ally.

24.    In October 2023, Plaintiff viewed her consumer report published by Defendant Experian and discovered that the Account had false and erroneous payment history for August and September 2023.

25.    The Experian credit report falsely indicated that Plaintiff was "30 days late" on her

August 2023 installment payment, and "60 days late" on her September installment payment even though Defendant Ally had received a check from the Dealership to pay off and close the Loan. See **Exhibit "B"**.

**First Dispute**

26.    In October 2023, Plaintiff submitted a dispute with Defendant Experian which included a dispute letter detailing the error, proof of the error, a driver's license copy, evidence of her social security number, and proof of address.

27.    Defendant Experian forwarded the dispute and an Automated Consumer Dispute Verification Form ("ACDV") to Defendant Ally.

28.    Despite Defendant Ally receiving the dispute, ACDVs, and accompanying documents from Experian, Defendant Ally conducted a superficial investigation and reported back to the Experian that the information furnished about the Account's payment history was "accurate" and should remain unchanged on Plaintiff's consumer reports.

29.    Defendant Ally did not evaluate or review the documents which were included with Plaintiff's dispute and ACDV.

30.    Defendant Ally negligently or willfully failed to conduct a reasonable investigation of Plaintiff's Experian dispute when it conducted a superficial investigation and did not review or evaluate the documents attached with Plaintiff's disputes.

31.    Defendant Ally did not correct or delete the inaccurate or erroneous payment history relating to the Account but continued to report false and erroneous information to Equifax.

32.    As a result of the inaccurate information which remained on Plaintiff's Experian consumer report relating to the Account, Plaintiff was denied credit opportunities and will continue to be harmed and injured by Defendant Ally's erroneous and inaccurate reporting for up

to 7 years.

33.    Following Plaintiff's dispute, Defendant Ally falsely and erroneously furnished to Defendant Experian that Account's November 2023 payment was "60 days late".

**Second Dispute**

34.    In December 2023, Plaintiff submitted a dispute with Defendant Experian which included a dispute letter detailing the error, proof of the error, a driver's license copy, evidence of her social security number, and proof of address.

35.    Defendant Experian forwarded the dispute and an Automated Consumer Dispute Verification Form ("ACDV") to Defendant Ally.

36.    Despite Defendant Ally receiving the dispute, ACDVs, and accompanying documents from Experian, Defendant Ally conducted a superficial investigation and reported back to the Experian that the information furnished about the Account's payment history was "accurate" and should remain unchanged on Plaintiff's consumer reports.

37.    Defendant Ally did not evaluate or review the documents which were included with Plaintiff's dispute and ACDV.

38.    Defendant Ally negligently or willfully failed to conduct a reasonable investigation of Plaintiff's Experian dispute when it conducted a superficial investigation and did not review or evaluate the documents attached with Plaintiff's disputes.

39.    Defendant Ally did not correct or delete the inaccurate or erroneous payment history relating to the Account but instead reported that the Account was "30 days late" in August 2023, "60 days late" in September 2023, "90 days late" in October 2023, and "90 days late" in December 2023.

40.    As a result of the inaccurate information which remained on Plaintiff's Experian

consumer report relating to the Account, Plaintiff was denied credit opportunities and will continue to be harmed and injured by Defendant Ally's erroneous and inaccurate reporting for up to 7 years.

41.     The false and erroneous reporting of the Account's payment history by Defendant Ally is objectively likely to mislead intended users of Plaintiff's consumer reports.

42.     Plaintiff was subsequently denied credit opportunities.

43.     Due to Defendant Ally's negligent or willful failure to conduct a reasonable investigation, the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

44.     For these reasons, Defendant Ally willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s2-b.

**Defendant Experian's violation of 1681i(a):**

45.     Defendant Experian falsely and erroneously published that Plaintiff's monthly installment payment on the Loan was "30 days late" in August 2023 and "60 days late" in September 2023.

**First Dispute**

46.     In October 2023, Plaintiff disputed the Loan's August and September 2023 payment history with Defendant Experian, detailing the error and attaching supporting documents including payment history, a copy of her driver's license, evidence of her social security number, and proof of address.

47.     Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact

Defendant Ally or review the supplied documentation.

48.    Instead, Defendant Experian relied solely on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

49.    It is averred that Defendant Experian did nothing more than parrot information from Defendant Ally.

50.    In November 2023, Defendant Experian sent Plaintiff a cursory response refusing to correct the false and erroneous payment history on the Account for August and September 2023.

51.    Defendant Experian did not provide a summary of the investigation or any substantiating documents.

52.    Plaintiff was subsequently denied credit opportunities by creditors citing poor credit as reason for the denial.

53.    Following Plaintiff's dispute, Defendant Experian falsely and erroneously published that the Account's November 2023 payment was "60 days late".

**Second Dispute**

54.    In December 2023, Plaintiff disputed the Loan's August, September, and November 2023 payment history with Defendant Experian, detailing the error and attaching supporting documents including payment history, a copy of her driver's license, evidence of her social security number, and proof of address.

55.    Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Ally or review the supplied documentation.

56.    Instead, Defendant Experian relied solely on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

57.    It is averred that Defendant Experian did nothing more than parrot information from

Defendant Ally.

58.    On December 12, 2023, Defendant Experian sent Plaintiff a cursory response refusing to correct the false and erroneous payment history on the Account for August, September, and November 2023.

59.    Instead of correcting the false erroneous reporting of the Account's payment history following Plaintiff's second dispute, Defendant Experian falsely published that the Account was "30 days late" in August 2023, "60 days late" in September 2023, "90 days late" in October 2023, and "90 days late" in December 2023.

60.    Defendant Experian did not provide a summary of the investigation or any substantiating documents.

61.    To this date, Defendant Experian continues to publish false and erroneous information relating to the Account's payment history in August, September, October, November, and December 2023 on Plaintiff's Experian consumer reports.

62.    Defendant Experian failed to promptly correct the Account's false and erroneous payment history. The false and erroneous reporting by Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

63.    Due to Defendant Experian's negligent or willful failure to conduct a reasonable reinvestigation, Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

64.    Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Experian's violation of 1681e(b):**

65.    Defendant Experian did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining to the Account's August, September, and November 2023 payment history.

66.    Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to Plaintiff which contained erroneous information pertaining to the Account.

67.    Defendant Experian did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving disputes from Plaintiff relating to his consumer report and the Account.

68.    Defendant Experian failed to take adequate steps to verify information before Experian included it in Plaintiff's consumer reports for the publication to users.

69.    The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

70.    Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased cost of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

71.    Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**FIRST CAUSE OF ACTION**
**Negligent Violation of the Fair Credit Reporting Act as to Defendant Ally**
**15 U.S.C. § 1681s-2(b)**

72.     Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

73.     This is an action for negligent violation of the FCRA 15 U.S.C. § *et seq*.

74.     Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

75.     Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

76.     The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

77.     Defendant Ally negligently violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendant Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

78.     Specifically, Defendant Ally continued to report false and erroneous payment history to the Account in August, September, October, November, and December 2023.

79.     As a result of the conduct, action, and inaction of Defendant Ally, Plaintiff suffered

damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

80.     The conduct, action, and inaction of Defendant Ally was negligent, rendering Ally liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(o).

81.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**SECOND CAUSE OF ACTION**
**Willful Violation of the Fair Credit Reporting Act as to Defendant Ally**
**15 U.S.C. § 1681s-2(b)**

82.     Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

83.     This is an action for willful violation of the FCRA 15 U.S.C. § *et seq*.

84.     Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

85.     Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

86.     The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

87.    Defendant Ally willfully violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendant Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

88.    Specifically, Defendant Ally continued to report false and erroneous payment history to the Account in August, September, October, November, and December 2023.

89.    As a result of the conduct, action, and inaction of Defendant Ally, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

90.    The conduct, action, and inaction of Defendant Ally was willful, rendering Ally liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

91.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681i(a) as to Defendant Experian**

76.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

77.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

78.    Experian negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

79.     Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

80.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

81.    The conduct, action and inaction of Experian was negligent, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

82.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

83.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

## FOURTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 USC § 1681i(a) as to Defendant Experian

84.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

86.    Experian willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

87.    Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

   a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

88.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

89.    The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

90.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

91.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against

Experian for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FIFTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681e(b) as to Defendant Experian**

92.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

93.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

94.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

95.    Defendant Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA includes but is not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h.   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

96.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

97.    The conduct, action and inaction of Defendant Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

98.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

### SIXTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681e(b) as to Defendant Experian**

99.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

100.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

101.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

102.    Defendant Experian has willfully failed to comply with the FCRA. The failure of

Experian to  comply with the FCRA include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum
        possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding the
        Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory
        credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which
        Experian had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of
        the Plaintiff after being advised by Plaintiff that the information was
        inaccurate;

    f.  The failure to note in the credit report that Plaintiff disputed the
        accuracy of the information;

    g.  The failure to promptly delete information that was found to be inaccurate,
        or could not be verified, or that the source of information had advised
        Experian to delete;

    h.  The failure to take adequate steps to verify information Experian had reason
        to believe was inaccurate before including it in the credit report of the
        consumer.

103.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered

damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money,

and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

104.    The conduct, action and inaction of Defendant Experian was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

105.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

## DEMAND FOR TRIAL BY JURY

106.    Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement against each Defendant as follows:

1.  Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant as to Defendant Experian and Defendant Ally;

2.  Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant as to Defendant Experian and Defendant Ally;

3.  Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant as to Defendant Experian and Defendant Ally;

4.  Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** January 4, 2024

Respectfully submitted

JAFFER & ASSOCIATES PLLC

/s/ *Shawn Jaffer*
**Shawn Jaffer**
State Bar No. 24107817
5757 Alpha Rd., Ste 580
Dallas, Texas 75240
Tel:    (469) 589-5605
Fax:    (469) 669-0786
Email: edtx@jaffer.law
*Attorneys for Plaintiff*